UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Dilenia Collado and Maria Collado,

                Plaintiffs,

v.

Performant Recovery, Inc.; and
DOES 1-10, inclusive,

                Defendants.

**CV 13-5982**

Civil Action No.: _____

**COMPLAINT**

BROWN, M. J.

For this Complaint, Plaintiffs, Dilenia Collado and Maria Collado, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiffs, Dilenia Collado (hereafter "Dilenia") and Maria Collado (hereafter "Maria," and together with Dilenia "Plaintiffs"), are adult individuals residing in Lindenhurst, New York, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A person other than Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

11. Within the last year, Performant contacted Plaintiffs at their residential telephone lines in an attempt to collect the Debt, which had been incurred by another person (the "Debtor").

12. On or about June 22, 2013, Plaintiffs mailed Performant a cease-and-desist letter requesting that Performant cease all calls to Plaintiffs.

13. Despite receiving this letter, Performant placed three additional calls to both and Maria in an attempt to collect the Debt.

## C. Plaintiffs Suffered Actual Damages

14. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiffs after having received written notification from Plaintiffs to cease communication.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly with the intent to annoy and harass Plaintiffs.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that judgment be awarded in Plaintiffs' favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages in such amount as is found appropriate; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 23, 2013

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiffs